The Chicago and Alton Railroad Company, Defendant in Error, *vs.* The Industrial Board of Illinois *et al.* Plaintiffs in Error.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. Workmen's compensation—*there must be some competent evidence that injury arose in course of employment.* In case of the death of an employee claimed to have been due to an injury, the burden is upon his administratrix, in a proceeding for an award of compensation, to show, by direct or circumstantial evidence, that the death of the employee was caused by an accidental injury arising out of and in the course of his employment, and if there is no competent evidence fairly tending to show that fact the judgment of the circuit court quashing the record of the Industrial Board must be affirmed.

2. Same—*declarations of injured person as to cause of injury are incompetent.* Declarations by an injured person to his attending physician are admissible in evidence when they relate to the part of his body injured, his suffering, symptoms and the like, but not if they relate to the cause of the injury; and this rule is even more rigorously enforced as applied to lay witnesses.

3. Same—*what does not tend to show that injury was received in course of employment.* Where the death of a railroad employee

resulted from an operation for strangulated hernia, proof that the work in which the employee was engaged was such as to cause him to undergo a severe physical strain does not tend to show that the hernia was occasioned while he was engaged in the duties of his employment.

FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

BARRY & MORRISSEY, for plaintiffs in error.

BRACKEN & YOUNG, (SILAS H. STRAWN, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Industrial Board of Illinois awarded Mary Turpin, administratrix of the estate of Joseph Turpin, deceased, the sum of $3500, payable in weekly installments, against defendant in error for the death of her intestate, in a proceeding under the Workmen's Compensation act. The record of the board was filed in the circuit court of McLean county as a return to a writ of *certiorari,* where the same was quashed on motion of defendant in error. The circuit court certified that this is a proper case to be reviewed by this court.

It will be necessary for us to consider but one of the reasons assigned by defendant in error why the action of the circuit court in quashing the record of the Industrial Board was proper and should be affirmed. One of the contentions made in the court below and one of the principal contentions made here is, that there was no competent evidence tending to show that Joseph Turpin was injured while in the employ of defendant in error. The burden was upon the administratrix to show that the death of her intestate was caused by an accidental injury arising out of and in the course of his employment. (*Armour & Co.* v. *Indus-*

274 —22

*trial Board of Illinois,* 273 Ill. 590.)   If there was evidence presented on the hearing before the Industrial Board which fairly tended to show that Turpin received injuries which resulted in his death, arising out of and in the course of his employment by defendant in error, the judgment of the circuit court was wrong and must be reversed.  *Armour & Co.* v. *Industrial Board of Illinois, supra;  Munn* v. *Industrial Board of Illinois,* (*ante,* p. 70.)

Joseph Turpin was an engineer employed by the defendant in error and for some time prior to his death was employed in the capacity of an "engine tamer."   It was his duty to take engines which had been overhauled and repaired and break them in before they were put into regular service.   This was done by running the engine back and forth in the yard limits.   If he found no defect in the engine he reported it as ready for service.   If any defect was found it was his duty to report the same.   On July 2, 1914, an engine was turned over to Turpin to break in which had been taken out of service on May 1, 1914, and placed in the shops at Bloomington for a general overhauling, where it remained until that day.   Turpin and his fireman operated this engine, working with it practically all day for the purpose of determining whether it was in proper condition for service.   The next day Turpin worked on another engine. The next day, July 4, was a legal holiday.   The next day, July 5, was Sunday.   The next day, July 6, Turpin reported for work and stated he was not feeling well and returned home.   A physician was called, who found him suffering from a strangulated or incarcerated hernia.   He was removed to a hospital, where an operation was performed, and he soon afterwards died.

It is claimed that Turpin received the injury which produced the hernia in working with the engine which had been turned over to him on July 2.   The only testimony which has any bearing upon the question of how the injury was received was that of the attending physician, Turpin's fire-

man and George A. McDonald, his brother-in-law. The physician testified to the condition in which he found Turpin when he called upon him on July 6, of his inability to reduce the hernia, and of the operation which was performed at the hospital. During his examination he was asked what history, if any, the patient gave him of the injury when he was called to treat him. An objection to this question was overruled, and the physician replied that Turpin said he was directed to determine the condition of an engine, and he got on it and ran it out and undertook to shift the lever and had a great deal of difficulty in doing so, and in shifting the lever took a pain in his side and from that time on he had the pain. The doctor testified that the hernia was a recent one, and that hernia was usually produced by a sudden strain upon the abdominal muscles, and that the cause of this man's injury, in his judgment, was some violent physical exertion. This physician was corroborated by other physicians as to the usual cause of hernia and that this hernia had resulted from a recent cause.

The fireman testified that on July 2, 1914, he and Turpin were handling switch engine No. 95; that they ran the engine back and forth along a two-mile track inside the city limits about twenty-five times; that in throwing the reverse lever it worked hard, and that on one occasion Turpin requested him to assist him in throwing it; that the witness did so, and that it required considerable exertion for the two of them to throw the lever. He testified that Turpin made no complaint at any time that day of being hurt and that this engine was sent out to work in the yards the next day. The next day they handled engine No. 76 and were on duty until about three o'clock. The fireman did not see Turpin again until Monday morning, July 6, when he complained that he was not feeling well and stated that he was going home.

McDonald testified that he was living at Turpin's home in July, 1914; that on July 2 he was eating supper when

Turpin came home; that Turpin sat down at the table, ate a little, then got up and said he had hurt himself handling the engine that day; that he believed he had strained himself. This testimony was given, over objection, in response to an inquiry as to what complaint he had made about pain or suffering. He said that Turpin complained of a distress across his bowels, and said he would not be surprised if he had injured himself in handling the engine. From that time on he ate but little solid food and complained of this pain in the bowels. This is the only testimony offered which in any way tended to prove that Turpin came to his death by reason of an accidental injury arising out of and in the course of his employment.

The testimony of the physician and of McDonald in reference to statements made by Turpin as to the cause of his injury were incompetent and should not have been admitted. Declarations made by one injured to his attending physician are admissible in evidence when they relate to the part of his body injured, his suffering, symptoms and the like, but not if they relate to the cause of the injury. (*Illinois Central Railway Co.* v. *Sutton,* 42 Ill. 438; *Globe Accident Ins. Co.* v. *Gerisch,* 163 id. 625.) This rule is even more rigorously enforced as applied to lay witnesses. Excluding the testimony of the physician and of McDonald as to the statements made by Turpin as to the cause of his injury, there is nothing whatever left upon which to base the conclusion that the injury was received while Turpin was in the course of his employment. The burden rested upon the administratrix to prove that the injury was so received, and it will not be inferred that the injury was so received from the mere fact that it was proven that Turpin, in his employment with defendant in error, was engaged in work which caused him to undergo a severe physical strain. It was incumbent upon the administratrix to show by some competent evidence that the injury was actually received in

the course of his employment. It is not indispensable that this be done by direct and positive evidence, as it may be shown by any circumstance which fairly tends to prove it. As there was no evidence tending to show this, the court properly quashed the record of the Industrial Board, and its judgment is affirmed.       *Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting.