(104 So. 753)
### Ex parte PARAMOUNT COAL CO.

### WILLIAMS v. PARAMOUNT COAL CO.

### (6 Div. 336.)

(Supreme Court of Alabama. May 28, 1925.)

1. **Master and servant** &⟶412—**Bill of exceptions considered, where findings of fact in compensation proceedings are too meager.**

When findings of fact in proceeding under Workmen's Compensation Act are too meager to fully inform reviewing court in regard to previous weekly earning of employé, bill of exceptions will be considered.

2. **Master and servant** &⟶412—**Finding on evidence in compensation case conclusive.**

Where there is any legal evidence to support finding in proceeding under Workmen's Compensation Act, such finding is conclusive on review.

3. **Master and servant** &⟶420—**Taxation of costs against defendant in compensation proceedings held proper.**

In proceeding under Workmen's Compensation Act, provision in decree awarding compensation that "defendants shall pay all costs of this proceeding" held, proper, in view of Gen. Acts 1919, p. 228.

Certiorari to Circuit Court, Jefferson County; Roger W. Snyder, Judge.

Petition of the Paramount Coal Company for certiorari to the circuit court of Jefferson county to review the judgment and finding of that court in a proceeding under the Workmen's Compensation Act by Tom Williams against petitioner. Writ denied.

By the decree awarding compensation it is provided that "the defendant shall pay all the costs of this proceeding."

B. F. Smith and A. M. Boone, both of Birmingham, for appellant.

The decree awarding compensation does not contain a statement of the law and facts of the case, and is insufficient. Acts 1919, p. 227, § 28; Ætna Co. v. Schaeffer, 209 Ala. 77, 95 So. 351. Defendant should not have been taxed with the costs, there being no evidence of incorrect payment or default in payment by defendant. Acts 1919, p. 220, § 28.

W. A. Denson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1, 2] The findings of fact being too meager to fully inform this court in respect to the previous weekly earnings of Tom Williams, the bill of exceptions is considered. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626. In Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803, Ex parte H. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807, and Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458, it was declared of adjudications under the Workmen's Compensation Act (Laws 1919, p. 206) that, where there is "any legal evidence to support the finding, such finding is conclusive, and no technical questions as to the admissibility of evidence will be here considered." At the trial the evidence of the wife and Mr. Donaldson was before the court, and there was evidence on the part of the former to support the judgment rendered.

[3] The costs were awarded within the terms of the statute. Gen. Acts 1919, p. 228.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes