(116 So. 167)

**SLOSS-SHEFFIELD STEEL & IRON CO. v. HOUSE.   (8 Div. 982.)**

Supreme Court of Alabama.   March 22, 1928.

Rehearing Denied April 12, 1928.

**1. Master and servant ⬦412—Trial court's finding in compensation case, supported by any legal evidence, is conclusive, and questions of admissibility of evidence will not be considered on appeal (Workmen's Compensation Law).**

Where there is any legal evidence, as distinguished from mere surmise, to support finding of trial court in proceeding under the Workmen's Compensation Law (Code 1923, §§ 7534–7597), such finding is conclusive, and no technical questions as to the admissibility of evidence will be considered on appeal.

**2. Master and servant ⬦405(4)—Evidence held to warrant finding that injury causing blood poisoning and death arose out of and in course of employment of caring for mules (Code 1923, § 7534).**

Evidence held sufficient to warrant finding that injury to deceased employee's ankle, which developed into septicæmia, or blood poisoning, causing his death two weeks later, resulted from accident arising out of and in course of his employment of feeding and caring for employer's mules under Code 1923, § 7534.

**3. Master and servant ⬦412—Facts in compensation case must be construed favorably to employee (Workmen's Compensation Law).**

In proceeding under Workmen's Compensation Law (Code 1923, §§ 7534–7597), facts must be construed favorably to employee, where the evidence affords reasonable room for such construction.

**4. Master and servant ⬦412—Mistakes in rulings on pleadings and evidence in compensation case will not be reviewed on bill of exceptions setting out whole evidence.**

Where workmen's compensation case comes before Supreme Court for review on bill of exceptions purporting to set out the whole evidence, mistakes made in rulings on pleadings are of no consequence, and error in admission or rejection of evidence will not be reviewed, if there is evidence of considerable weight to sustain judgment.

Petition of the Sloss-Sheffield Steel & Iron Company for certiorari to the law and equity court of Franklin county to review the judgment and finding of that court in a proceeding under the Workmen's Compensation Act by Lula House against the petitioner. Affirmed.

Williams & Chenault, of Russellville, and Bradley, Baldwin, All & White, J. D. Rucker, and S. M. Bronaugh, all of Birmingham, for appellant.

Whether or not there is a total lack of evidence to support a material part of the finding of fact in the case under the Workmen's Compensation Act is a question of law which the appellate court, looking to the bill of exceptions, will decide on certiorari. Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Big Four Mining Co., 213 Ala. 305, 104 So. 764. In cases under the Workmen's Compensation Act, the burden is on the employee claiming compensation to prove that he was injured by an accident arising out of and in the course of his employment by direct or positive evidence or by evidence from which it may reasonably be inferred that he was so injured. Ex parte Coleman, 211 Ala. 248, 100 So. 114; McCoy v. Michigan Screw Co., 180 Mich. 454, 147 N. W. 572, L. R. A. 1916A, 323; Peterson & Co. v. Industrial Board, 281 Ill. 326, 117 N. E. 1033; Henry Steers v. Dunnewald, 85 N. J. Law, 449, 89 A. 1007; Savoy Hotel Co. v. Industrial Board, 279 Ill. 329, 116 N. E. 712. The statements of A. B. House, who knew the facts at the time of making the statements and who was dead at

the time the statements were sought to be proved, as to how he received his injury, and which, were at variance with his pecuniary interest, were competent evidence, and the trial court's refusal to admit them in evidence was error. Humes v. O'Bryan, 74 Ala. 64; Merriweather v. Sayre Min. & Mfg. Co., 161 Ala. 441, 49 So. 916; Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 So. 547; Hart v. Kendall, 82 Ala. 144, 3 So. 41; Waller v. Simpson, 208 Ala. 333, 94 So. 343; McCloskey Bros. v. Hood Milling Co., 119 Miss. 92, 80 So. 492. Where the essential facts are not set out, the complaint is demurrable, and is not sufficient to sustain an award. Code 1923, § 7578.

Key & Key, of Russellville, for appellee.

If there is any evidence from which the trial court might have reasonably inferred that the deceased received the injury which caused his death by accident arising out of and in the course of his employment, the judgment of the trial court will not be disturbed. Greek v. Sloss Co., 207 Ala. 219, 92 So. 458; Shaw v. T. C. I. Co., 210 Ala. 185, 97 So. 694; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; House v. L. & N., 208 Ala. 216, 94 So. 289. No question as to admissibility of evidence will be considered. Greek v. Sloss Co., 207 Ala. 219, 92 So. 458. If the complaint follows the statute, it is not demurrable. Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103; Code 1923, § 7578; Ex parte Central I. & C. Co., 212 Ala. 367, 102 So. 797; Moss v. Standridge, 215 Ala. 237, 110 So. 17.

SAYRE, J. [1] The Workmen's Compensation Law (Code 1923, §§ 7534–7597) contemplates that conclusions of fact must be based on legal evidence; but, where there is any legal evidence to support the finding of the trial court, such finding is conclusive, and no technical questions as to the admissibility of evidence will be considered on appeal. Greek v. Sloss-Sheffield Co., 207 Ala. 219, 92 So. 458; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte H. T. Smith Lumber Co., 206 Ala. 483, 90 So. 807. This means, of course, that the conclusion reached and expressed cannot be allowed to rest on surmise—there must be legal evidence of the facts necessary to relief.

[2] Appellant's case in this court rests upon the assertion that there was no evidence that appellee's husband in the employment of appellant suffered the injury which caused his death by accident arising out of and in the course of his employment. Code, § 7534. The evidential facts, briefly stated, on which appellee's case rested, were as follows: Deceased, appellee's husband, was employed by appellant to feed and care for "a bunch of mules" which were kept at night in a barn

about 100 yards distant from the house in which deceased and appellee lived. About 6 o'clock in the morning, November 10th, deceased went to the barn to feed the mules. Appellee went with him about half way on business of her own. Deceased, on his way to the barn, remained in sight of appellee for about half of the remaining distance. There was nobody else at the barn. After an hour or thereabouts, that being the time usually required by his duties at the barn, deceased returned to the house, complaining of the injury which afterwards caused his death, and had his wife to give it some attention. His shin was barked, and he told his wife how it had happened, but his statement as to the manner of his hurt was excluded by the court. Afterwards appellee went to the barn, and saw that deceased had cared for his mules as usual. Septicæmia, blood poisoning, developed from the wounded shin, and in about two weeks appellee's husband died in consequence.

[3] From the facts thus shown, we think a reasonable inference may have been drawn that the accident which caused the injury and death of appellee's husband arose out of and in the course of his employment. Deceased had no business at the barn save to care for appellant's mules. To hold that he may have been hurt while doing something else that had no relation to his employer's business would be to put his case off on a mere surmise, whereas the rule is to construe the facts favorably to the employee, where the evidence affords reasonable room for such construction, which is to say that, if, on any reasonable view of the evidence, it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed. Ex parte Shaw, 210 Ala. 185, 97 So. 694; Greek's Case, supra; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753, where other cases are cited. Ex parte Coleman, 211 Ala. 248, 100 So. 114, which seems to furnish the basis of the argument for error, was a very different case, and, in our judgment, is not in point. In that case the court concluded, on consideration of the evidence, that the deceased had been deliberately and intentionally killed by some human assailant. Certainly there could be no conclusion akin to that in this case.

[4] There was a demurrer to appellee's complaint. The amended complaint very fully advised appellant of the relief sought and the grounds upon which it was based. Code, § 7578. The case comes here on a bill of exceptions purporting to set out the whole evidence. Where a case is presented in this manner, mistakes made in the rulings on pleadings—we by no means intend to say there were any such mistakes in this case—are of no consequence (Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7), nor will error in the admission or rejection of evi-

dence be reviewed so long as it appears that there was evidence of considerable weight to sustain the judgment rendered. Greek's Case, supra.

The judgment is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.