MICHAEL YANNONE, PETITIONER-RESPONDENT, v. HIND STEEL WIRE WORKS, RESPONDENT-PROSECUTOR.

Submitted January term, 1931—Decided April 23, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *William P. Braun.*

For the respondent, *Louis A. Fast.*

PER CURIAM.

There is brought up for review a judgment of the Essex County Common Pleas under the Employers' Compensation act, in favor of an employe who asserts that in an accident in the course of his employment he suffered from an inquinal hernia in his right side.

Compensable hernia is defined by paragraph X, section 236, 2 *Cum. Supp. Comp. Stat., p.* 3874.

This section provides that hernia ordinarily develops gradually, being very rarely the result of an accident; where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered congenital or not compensable unless conclusive proof is offered that—

1. Descent of hernia immediately followed the cause.

2. There was severe pain in the hernial region.

3. That there was such prostration that the employe was compelled to cease work immediately.

4. That above facts were of such severity that they were noticed by claimant and communicated to employer within twenty-four hours of the occurrence, and

5. That there was such physical distress that the attendance of a licensed physician was required within twenty-four hours of the occurrence.

The facts in the present case seem to be that the employe was engaged in unloading coils of wire from a freight car and piling them up. He worked for a time and when he picked up a certain coil he felt a very severe pain in the abdominal region and was obliged to sit down immediately and nurse the pain. Shortly thereafter he undertook to begin his work again but found he was unable to do so and went home. This was about two-forty-five P. M. The next morning he came to the factory at ten A. M. and reported to the foreman. He should have reported at seven-thirty A. M., but because of his pain, &c., he could not report earlier. The foreman told him to go to defendant's doctor for examination which he did. The doctor diagnosed the case as hernia. The employe did not go to the office of the physician until three P. M.

This was within fifteen minutes of the twenty-four-hour period and the effort seems to be to show that this was merely to secure and bring about a technical compliance with the statute. However, if the evidence of the employe and his wife is to be believed, all of the statutory requirements were met. Both the deputy commissioner of the department of labor who originally heard the matter and the judge of the Court of Common Pleas believed this proof and our consideration of the evidence satisfies us of its truth and sufficiency.

The judgment below will therefore be affirmed, with costs.