## TRAVELERS' INS. CO. v. LOCKE, Deputy Com'r.
## LIEBERMAN v. WM. P. POWERS & CO.

District Court, S. D. New York.
June 30, 1931.

E. C. Sherwood, of New York City, for petitioner.

COXE, District Judge.

This case was originally presented on a motion by the insurance carrier for a temporary restraining order, but it has been heard and argued on consent of the parties on the merits.

The insurance carrier urges in opposition to the award (1) that the record contains only uncorroborated hearsay with respect to the injury; and (2) that the hernia which caused the death of the deceased was not an "accidental injury" nor an "occupational disease" under section 2 of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 902).

The deceased was engaged on April 24, 1930, in piling 75-pound boxes in tiers six feet high in the hold of a vessel in New York Harbor, when he was heard to utter a sharp exclamation of pain. This was testified to by a brother of the deceased who was a coemployee, and working with the deceased at the time of the injury. The deceased continued working for about an hour, and then went home, where he complained to his wife about the acute pain he was suffering. Two or three days later he was taken to a hospital and operated on for hernia, but died almost immediately after the operation.

The exclamation of pain testified to by the deceased's brother was not hearsay, but part of the res gestæ; and the subsequent declarations by the deceased were clearly competent under section 23 of the act (33 USCA § 923). I think, too, these declarations were amply corroborated by the circumstantial evidence appearing in the record. Pocahontas Fuel Co. v. Monahan (D. C.) 34 F.(2d) 549, affirmed (C. C. A.) 41 F.(2d) 48. And this court has no authority to disturb fact findings of the commissioner where there is evidence to support them.

In support of its second contention, the insurance carrier insists that, under the New York Workmen's Compensation Law (Consol. Laws, c. 67), it has been held that the mere occurrence of a hernia is not an accidental injury. That may well be, but even the New York courts have affirmed awards in hernia cases where there was proof of the happening of an accident. And under the facts of the present case, I think that the hernia which caused the death of the deceased was such an "accidental injury" as is covered by section 2 of the act. I also think it was an occupational disease within the language of the same section. This section provides in general terms that "injury" means, among other things, "such occupational disease * * * as arises naturally out of such employment." This language is quite different from the New York law, which gives in detail the different compensable occupational diseases, but does not include hernia. It is sufficient, in my opinion, to include as an occupational disease a hernia caused by lifting heavy boxes as part of the regular employment of the injured workman.

I find, therefore, that, under the circumstances in this case, the hernia which caused the death of the deceased was either an "accidental injury" or an "occupational disease"; and it follows that the bill must be dismissed.