(137 So. 673)

**REPUBLIC IRON & STEEL CO. v. REED.**

**6 Div. 956.**

Supreme Court of Alabama.

Nov. 19, 1931.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

618

W. A. Denson, of Birmingham, for appellee.

FOSTER, J.

■ It is well settled that the findings of fact by the court in compensation cases are conclusive, if there is any legal evidence to support them. Sloss-Sheffield S. & I. Co. v. House, 217 Ala. 422, 116 So. 167; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Wilson v. Birmingham Electric Co., 219 Ala. 436, 122 So. 411; Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225; Morgan-Hill Paving Co. v. Stewart, 220 Ala. 480, 126 So. 116.

■ It is also said in the case first above cited that technical questions as to the admissibility of evidence will not be considered on appeal. However, the general rules of evidence pertain to such cases as are ordinarily applicable to other proceedings in court. 1 Honold Workmen's Compensation, § 126.

■ The subject of the admissibility of declarations made by decedent in compensation cases, especially those declarations which tend to show the existence of his claim, has been treated in numerous cases in this country, and in England. They generally hold that such declarations are not legal evidence, unless otherwise controlled by statute. Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036; McCauley v. Imperial Woolen Co., 261 Pa. 312, 104 A. 617; Reck v. Whittlesberger, 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771, note 775 et seq.; Kivish v. Industrial Commission, 312 Ill. 311, 143 N. E. 860; Chicago, etc., R. Co. v. Industrial Board, 274 Ill. 336, 113 N. E. 629; Morris & Co. v. Industrial Board, 284 Ill. 67, 119 N. E. 944, L. R. A. 1918E, 919.

■ There was error in permitting evidence of declarations by deceased that he was injured by a pick while he was engaged in his employment. But such error does not have the effect of reversing the case, if there is legal evidence of the facts as found by the court independent of that which is illegal. Sloss-Sheffield S. & I. Co. v. House, supra; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458; Valentine v. Weaver, supra; McCauley v. Imperial Woolen Co., supra; Reck v. Whittlesberger, supra.

Some of those cases are where such legal evidence is circumstantial, from which an inference may be reasonably drawn of the existence of the essential ultimate facts.

■ We have also held that, if the injury works upon a disease germ already existent in the deceased when the accident occurs, so that it stimulates such latent disease into activity, which causes the death of the workman, it resulted from the accident and is compensable. Goslin-Birmingham Mfg. Co. v. Gantt, 222 Ala. 321, 131 So. 905.

■ Petitioner testified: "He was a strong, well, healthy man that day, worked all the time; he did not have a sore on him anywhere; he had been working regularly until that time; when he came home had a hole in his knee, he rolled up his pants leg and begun to put mercurochrome on it and I was making fun of it; and he says make fun of it all you want, that is where I stuck. * * I saw the leg before that day, I had not seen a wound on it before; I saw it there that night; it was a hole about like a pick would put in it; didn't look so bad then; that night begun swelling and looked red around it; I can't say how deep it was; we had the doctor with him; doctor with him; Dr. Woods, he is the one that is coming. [Q.] How long did he stay at home? [Ans.] He did it Saturday about twelve o'clock, and went to the hospital—went to the doctor Sunday morning and to the hospital Monday at three o'clock; he never came back, he died there; if he had stayed at the hospital until Monday he would have been there three weeks to the day."

John Beasley testified that he saw him coming from his work on the last day he worked, about halfway between the bathhouse and the mouth of the mine; that he was limping and had on his overalls. His overalls were introduced in evidence; they showed a hole in the leg.

There was other evidence of the abrasion on his leg. His "buddies" working with him in the mine testified that they worked near to each other that day, and neither saw such an injury nor heard him complain of one; and one of them walked out of the mine with him, about two miles from their working place, and went to the bathhouse, and saw no injury and heard no complaint.

Some of the doctors testified that his death was due to gonococcus germ, and that the abrasion had nothing to do with it. There was other expert testimony having a different tendency. Dr. Wood testified: "I treated him for that injury just before he came to the hospital; I looked at the place where he was injured; I gave him treatment and doctored it; I first looked at him and painted it with tincture of iodine and, later, he got to suffering a whole lot of pain and then I gave him some morpine and advised him to come to the hospital and take an antitoxine; you give antitoxine in wounds, a small nail stuck in your foot or any puncture

that you may get; that is the way I advised him to be treated; I called up the hospital later; he had been given that treatment." He did have an infection in the region of the abrasion on the leg, and the court could have found from the evidence that such infection caused his death, and that the abrasion contributed to his death.

There was ample evidence that he did receive a hurt on his leg on the day he was engaged in his employment by defendant, and while he was away from home; that he used a pick that day digging coal in the mines of defendant. It was said in this connection in Sloss-Sheffield S. & I. Co. v. House, supra:

"To hold that he may have been hurt while doing something else that had no relation to his employer's business would be to put his case off on a mere surmise, whereas the rule is to construe the facts favorably to the employee, where the evidence affords reasonable room for such construction, which is to say that, if, on any reasonable view of the evidence, it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed. Ex parte Shaw, 210 Ala. 185, 97 So. 694; Greek's Case, supra [207 Ala. 219, 92 So. 458]; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753, where other cases are cited."

Though there was error in admitting statements by deceased as to how, when, and where he received the injury, we cannot say that there was not otherwise sufficient legal evidence to support the finding and conclusion of the circuit court.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.