139 So. 261

## GULF STATES CREOSOTING CO. v. WALKER.

### 6 Div. 955.

Supreme Court of Alabama.

Jan. 14, 1932.

Crampton Harris and Harold M. Cook, both of Birmingham, for appellee.

Bradley, Baldwin, All & White and W. M. Neal, all of Birmingham, for appellant.

## FOSTER, J.

We think that there was ample evidence that deceased died from inguinal hernia, and that he was taken suddenly and painfully ill of its effects near the close of a day's work, in which he was engaged in handling heavy timbers in the course of his employment; that he had not shown any symptoms before then of a condition which would lead to such complaint, and died of it the next day. The expert evidence, without conflict, is that such condition is nearly always "caused by some strain, chronic cough or heavy lifting," but that some have a weakness there, and it does not take as much to bring it on, but a heavy lift is the most common cause.

It is not expected that this court nor the circuit court shall have expert judicial knowledge on the subject, which is superior to and should override that of those who are

in fact experts. It may be true that it is often caused by inherited or slowly developing causes, and that the requirements of section 7551 (f) (1) are based upon that knowledge. But if there is a fair inference that it was caused by accidental means in any case, that fact is established.

If deceased, while engaged in work or heavy lifting, and great strain, with no evidence of chronic cough or other cause of hernia, suddenly develops it in a very acute and painful state, which continues unabated, and he dies the following day, it is not, in our opinion, mere surmise or conjecture to find that his condition was produced by the nature of his work, but that it was so produced is rather a fair, if not conclusive, inference from those circumstances, recalling that there was evidence undisputed that such circumstances most commonly are the cause of such condition.

It is not necessary that the essential facts in a compensation case shall be proven by any different character of evidence than that prescribed by law in other cases. And circumstantial evidence is an admitted form of proof in that as well as in others. Sloss-Sheffield S. & I. Co. v. House, 217 Ala. 422, 116 So. 167; Republic S. & I. Co. v. Reed, 223 Ala. 617, 137 So. 673; 1 Honnold W. Comp. § 99.

In the case of Alpert v. J. C. & W. E. Powers, 223 N. Y. 97, 119 N. E. 229, cited by appellant, there was no expert evidence of the causes of inguinal hernia, and the finding from the evidence that hernia was in that instance sustained while engaged in lifting a bundle of paper, in the absence of strain or other evidence from which it could be inferred that it was thereby caused, did not show that it arose out of his employment. It was noted in the opinion that the evidence that he strained in the lifting was absent, and there was no attempt to prove that the lifting could have produced a rupture.

The development of inguinal hernia is an accident compensable by the Workmen's Compensation Law, provided the requirements of section 7551 (f) (1) are met. They are: That there was an injury resulting in hernia; that it was accompanied by pain; that the hernia immediately followed an accident, and did not exist prior to the accident. Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514.

Accident here is said to have its "popular or ordinary meaning: Happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected," and is defined by statute to mean "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body, by accidental means," Code, § 7596 (i); and it was held to include inguinal hernia, which suddenly followed a heavy strain in assisting another to move an engine weighing some six hundred pounds, with great pain, followed that night with a small swelling in the groin (facts similar in legal effect to those shown in this record). Robbins v. Original Gas Engine Co., 191 Mich. 122, 157 N. W. 437; 1 Honnold on Workmen's Compensation, § 99, page 316.

Our judgment is that there was evidence to support the findings of the court, and such findings justify the judgment, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.