### RANDLE v. DUMAS.
### 1 Div. 829.

Supreme Court of Alabama.

Oct. 11, 1934.

Rehearing Denied Nov. 8, 1934.

Smith & Johnston and P. C. Fountain, all of Mobile, for appellant.

A. S. Whiting and Richard H. Coffin, both of Mobile, for appellee.

GARDNER, Justice.

Petitioner, John C. Randle, is a contractor, and, while engaged in the erection of a building in Mobile, had in his employ one James H. Dumas, his brother-in-law, as a common laborer. Dumas insists that while so employed, and doing work within the scope of said employment, he received injuries, and sought compensation therefor under the Workmen's Compensation Statute. Chapter 287, Michie's Code 1928.

█ The injury complained of was a torn ligament in hip and back, and an enlarged hernia, caused, as Dumas insists, by lifting a log onto a truck. While working previously for Autrey Greer & Sons, he had suffered an injury by lifting resulting in a hernia, of which Randle was informed when Dumas was employed, and Randle's testimony tends to show the employment was restricted to light work involving no heavy lifting. But the testimony of Dumas is to the contrary, and that the employment was as a common laborer with no restrictions whatever. We are not here concerned with conflicts in the proof, nor with the matter of the weight of the evidence. If there is any reasonable view of the evidence that will support the conclusion announced, the finding and judgment will not be here disturbed.

█ We look to the bill of exceptions, not to find the weight of the testimony as to any fact found by the trial court, but simply to see if there is any evidence or reasonable inferences from the evidence to support the facts found by the court. Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878; Summit Coal Co. v. Walker, 214 Ala. 332, 107 So. 905; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Martin v. Sloss-Sheffield Steel & Iron Co., 216 Ala. 500, 113 So. 578; Republic Iron & Steel Co. v. Reed, 223 Ala. 617, 137 So. 673; Republic Iron & Steel Co. v. Ingle, 223 Ala. 127, 134 So. 878; Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626.

The proof fully justified the conclusion there was no willful disobedience of any rule or instruction of the employer, and that in fact Dumas did receive an injury by way of a torn ligament in the right hip while engaged in work for which he was employed. And while the testimony of Dumas tends to show the previous hernia was enlarged by the injury here sued for (section 7561, Code 1923), yet the trial judge confined his finding to injury to the right hip, amply sustained by the proof, and to a total disability to the extent of 10 per cent. for thirty weeks, likewise sustained by the proof of Dumas as well as Dr. McGehee, one of the examining physicians.

█ Dumas's answers to interrogatories in the suit against Autrey Greer & Sons were properly to be considered by the trial court on the matter of credibility. But Randle was not a party to, or in any manner interested in that suit, nor was his conduct at all influenced thereby. Essential elements of estoppel were entirely lacking and insistence for judgment in favor of the defendant based upon such a theory is without merit. Interstate Electric Co. v. Fidelity & Deposit Co., 228 Ala. 210, 153 So. 427; Harbin v. Aaron, 215 Ala. 218, 110 So. 24; 21 C. J. 1204-5.

The authorities cited by petitioner (among them, McQuagge Bros. v. Thrower, 214 Ala. 582, 108 So. 450; Harrison v. Harrison, 200 Ala. 379, 76 So. 295; Blythe v. Enslen, 219 Ala. 638, 123 So. 71) are readily distinguishable upon the facts, and in no manner conflict with the conclusion here reached.

█ The argument as to the sufficiency of the complaint overlooks the well-established rule that in cases of this character technical accuracy as to pleading is not required.

398

Cohen v. Birmingham Fabricating Co., 224 Ala. 67, 139 So. 97; Sloss-Sheffield Steel & Iron Co. v. House, 217 Ala. 422, 116 So. 167.

The amended complaint met all substantial requirements and fully advised petitioner of the relief sought and the grounds upon which it was based. This insistence is without merit.

The evidence has been carefully read and considered, and the conclusion reached that the finding of the trial court is sufficiently sustained thereby, and that the petition for a writ of certiorari is due to be denied.

Writ denied.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.