171 So. 751

**EDMONDS v. STANDARD BRANDS, Inc.**

6 Div. 885.

Supreme Court of Alabama.

Jan. 7, 1937.

Robert F. Proctor, of Huntsville, for petitioner.

316

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for respondent.

THOMAS, Justice.

This is a petition for certiorari under the Workmen's Compensation Act (Code 1923, § 7534 et seq.) to review the judgment of the circuit court of Jefferson county.

The authorities applicable to such a proceeding were recently collected in Exchange Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743. And the rule adhered to is, that the finding of the trial court is conclusive, if supported by any evidence, in compensation proceedings under the statute, section 7534, et seq., Code 1923; and that such a claimant has the burden of showing that the employee's death is caused by accident arising out of and in the course of his employment. Exchange Distributing Co. v. Oslin, supra; Republic Iron & Steel Co. v. Reed, 223 Ala. 617, 137 So. 673.

We have carefully examined the record and are of the opinion, and hold, that petitioner-appellant did not discharge the burden of proof that the law imposed upon him.

A cause taken under advisement by the court remains in fieri until a judgment is rendered; the cause not being discontinued. In such case there is the right to enter judgment at a subsequent term. Ex parte Phillips (Phillips v. Reaves et al.), 231 Ala. 364, 165 So. 80; City of Birmingham v. Andrews (Ex parte Andrews), 222 Ala. 362, 132 So. 877.

It can not be maintained that the oral pronouncement of the court was the decree rendered in this cause. The bill of exceptions recites that defendant's attorney informed the court that he would file a motion for a new trial, and the court replied that a decree would not be entered, but that the case was taken under advisement. Brief was requested to be filed with the court, and in response the respective counsel filed briefs with the trial court. As to this the bill of exceptions recites:

"The trial Judge thereupon in open court dictated to the court reporter a decree finding these facts and awarding plaintiff compensation in the amount of $364.19, which he asked the court reporter to write up. Thereafter the attorneys representing the defendant informed Judge McElroy that they would file a motion for a new trial in the case and Judge McElroy advised the defendant's attorney that he would not sign the decree but would take the case under advisement and asked the defendant's attorney to prepare a brief on the question involved in the case. Thereafter a brief was prepared and delivered to Judge McElroy, a copy of which was served on the plaintiff's attorney and the plaintiff's attorney thereafter filed a reply brief in said cause and after considering the brief and evidence in the case, the trial Judge prepared and signed a decree in favor of the defendant, which is part of the record in this case. The decree which the trial Judge dictated to the court reporter was never signed by the trial Judge and was never filed with the Clerk as a judgment in the cause.

"This was all the evidence offered on the trial of this case.

"Thereupon came the plaintiff by his attorney and spread on the docket of this court a motion for a new trial, which motion was presented to the trial Judge on the 30th day of July, 1935, and which motion was continued from time to time until the 26th day of August 1935, on which last named date said motion was taken under advisement by the court and on the 15th day of November 1935, the court overruled said motion for a new trial, which act of the court the plaintiff then and there in open court duly and legally excepted."

The petition for certiorari is denied, and the decree of the trial court is affirmed.

Petition denied; affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.