248 So.2d 139

**TRIPPLE M. HOMES, INC.**

**v.**

**Monk PICKENS.**

**6 Div. 95.**

Court of Civil Appeals of Alabama.

May 12, 1971.

Fite, Davis & Fite, Hamilton, for appellee.

James F. Berry, Cullman, for appellant.

THAGARD, Presiding Judge.

Appellee sued appellant in the Circuit Court of Winston County, Alabama, for injuries allegedly suffered from an accident that occurred while appellee was discharging duties in the course of his employment by appellant.

From a judgment awarding compensation, based upon a finding by the trial judge that appellee suffered permanent partial injuries of 50% to his body as a whole and awarding compensation accordingly, petitioner-appellant brings this appeal by way of certiorari.

The entire thrust of six of appellant's eight assignments of error go to the propo-

sition that the evidence for the injured employee was not sufficient to support the finding of facts of the trial judge and the ensuing judgment.

■ The eighth assignment of error complains that the medical testimony of Dr. T. M. Blake, who examined and treated the injured employee "was all founded on memory, and none on written memoranda, and that his testimony as to the type of injury received and the percentage of disability awarded for said injury were mere conclusions not predicated on sound or good medical practice." We know of no rule of law that holds that a medical doctor may not testify from memory, the same as all other witnesses, nor are we advised of any rule of law that attempts to define "sound or good medical practice." Furthermore, appellant made no effort to have appellee examined by another doctor, as it had a right to do, and it offered no medical testimony to refute that of Dr. Blake. The court's finding of a 50% partial disability to the body as a whole was the only reasonable finding that the court could have made upon the testimony before it.

Appellant's third assignment of error was that appellant "did not have written notice of the accident of the type sufficient to dispense with the written notice."

■ If written notice of an accident is not given, actual knowledge is the equivalent of the required statutory notice. Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664.

■ The trial court in its judgment said: "* * * that the Defendant had actual and immediate notice of said accident and injury; * * *"—which was a finding of fact by the court that we will not disturb, since evidence was offered and admitted supporting said finding.

Under the Workmen's Compensation Act, a finding of the trial court will be sustained if it has support in the evidence.

Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730.

And some evidence is all that is required. Ex parte National Pipe & Foundry Co., 213 Ala. 605, 105 So. 693; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753.

We hold that every finding of fact of the trial judge was supported by some legal evidence and that the learned trial judge made no errors in his conclusions of law.

Affirmed.