BUNKLEY v. REPUBLIC STEEL CORP. ET AL.

(No. 858,903—Decided February 23, 1972.)

Common Pleas Court of Cuyahoga County.

*Mr. Jerry Kraig*, for plaintiff.

*Messrs. Jones, Day, Cockley & Reavis, Mr. Aubrey B. Willacy* and *Mr. Michael A. Nims*, for defendant.

McMonagle, J. This is an appeal from an order of the Industrial Commission denying the plaintiff the right to participate in the Workmen's Compensation Fund. The twelve members of the jury unanimously determined the disputed facts in favor of the plaintiff.

Before entering judgment herein the court feels that a discussion of the issues raised herein, and the applicable law—which has not previously been the subject of reported opinions in Ohio—will be helpful to courts that are called upon to try appeals in Workmen's Compensation cases, tribunals that are designated by law to also hear and determine workmen's compensation claims, members of the bar, and concerned persons and organizations.

The appellee, The Republic Steel Company, is a self insurer under the Workmen's Compensation Act of Ohio. It is the claim of the plaintiff that he ruptured himself when he, and two other workmen, were lifting, by hand, a heavy article called a "twyer" or "twill" which weighed approximately 175 to 200 pounds and inserting it into an opening in a Republic furnace at an elevation about five feet above the floor level of the defendant's mill.

Claimant had been employed by Republic as a laborer for over 19 years; his job required his performing heavy manual labor for many years, including the lifting and positioning of the 175 to 200 pound twill.

It is the contention of Republic that claimant is not entitled to have a judgment entered which would have the effect of requiring Republic to pay his surgical and hospital

expenses incidental to the repairing of his hernia, compensation for temporary, total disability for the period when he was hospitalized for the surgery and subsequent convalescence and for such other allowances as he is entitled to receive as a result of his injury, including an award for attorney fees payable by Republic because of the necessity for bringing this lawsuit.

The bases for Republic's contention as to why plaintiff should not be entitled to the benefits of the Workmen's Compensation Act with reference to his rupture may be summarized as follows:

1. The incident in which claimant contends he was ruptured did not occur. The jury found, upon the basis of adequate testimony, that the incident did in fact occur.

2. The words used by the claimant in his description of the incident were not such as to describe the sustaining of an injury as required by R. C. 4123.01(C), as in effect when the incident occurred in August, 1966.

3. The causal connection between the sustaining of a rupture and the scope of employment may only be established by medical testimony.

There is no validity to any of these contentions of Republic.

R. C. 4123.01 provides in part as follows:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of the injured employee's employment." (128 Ohio Laws 743)

"Accident" is defined as follows:

"An event which takes place without one's foresight or expectation; or an unusual effect of a known cause and, therefore, not expected; an event which under the circumstances, is unusual and not expected to the person to whom it happens."

Counsel for the defendant sought to elicit statements

from the plaintiff to the effect that there was no unexpected, unusual, or fortuitous happening in connection with plaintiff's injury, other than the occurrence of the injury.

Testimony of such a happening was unnecessary in order to establish plaintiff's right to recovery even though his testimony did include such evidence.

Plaintiff testified that on the day of his injury, the twill in the furnace had burned out and that it became necessary for himself and two other workmen to replace it; that a twill is inserted into the furnace by lifting it up by hand to a point where there is an opening in the furnace at about his shoulder height—about five feet—;

"You can't put it in straight. You have to put it in sideways in order to get it in and sometimes that quill [*sic*] will get stuck and you jerk on it and that is when I felt this pain." "The twill got stuck and you have to maneuver it around, to jack it around to go in and—." "You just jack it backward and forward until you get it to go in." "That is when I felt the pain (indicating in the groin area)." "I went over and sat down for awhile and the pain left." "I went back to work. It wasn't long before it was time to quit anyway." "Well, that pain kept coming but it never stayed. It come and go till I notice it begin to swell. I had swelled up. It would swell up and go back down and it starts having pains and that is when I went to this Dr. Oppenheim." "I went to the dispensary. I was there about two or three days after that happened. I don't know exactly, and the nurse gave me something for the pain." He testified he was having the swelling in the same spot where he felt the pain; that he was operated on there; that he had never previously had any swelling over there.

On cross examination the plaintiff testified:

"It got stuck when I was trying to move it around, that was when the pain come."

Q. "You were trying to jerk it around and you felt this pain?"

A. "That's right."

It was the contention of Republic that before a workman can participate in the Workmen's Compensation Fund as a result of an injury sustained while at work and engaged in the advancement of the work of the employer, that an unusual occurrence such as a slip, fall, jerk, jar, external force, unusual strain, pressure, etc., must be described as having brought about the injury, even though it was sustained when a workman was extending himself beyond his physical capabilities in order to further the business of his employer.

Beyond question, the plaintiff's description of the occurrence, even though in less than artful words, if believed by the jury, sufficiently complied with the constitutional and statutory requirements that are brought into question herein by Republic.

The description of an unusual occurrence or happening of the nature just mentioned is not always a necessary predicate to the right of a workman to participate in the Workmen's Compensation Fund of Ohio although such contentions have been made by persons contesting the claims of workmen practically since the Ohio Constitution authorized the Workmen's Compensation laws. Various Supreme Court decisions based upon the wordage of previously existing statutes even upheld such contentions. In the words of Judge Zimmerman (173 Ohio St. at p. 225) a majority of the Supreme Court had been "persistently misinterpretating the definition of the term 'injury' as it had been defined in 1937 and thereafter. * * *" He contended that the term "injury" should have always been defined as including "any injury, whether caused by external accidental means or accidental in character and result."

"It is the writer's position, which he has maintained

and expressed for a long time, that the provision above quoted meant exactly what it said, so that *any injury* received by a workman which was directly attributable to and associated with the employment in which he was engaged at the time was compensable and embraced an injury accidental in character and result as well as one caused by accidental means. For example, see the writer's dissents in *McNees* v. *Cincinnati Street Ry. Co.*, 152 Ohio St. 269, 285; *Toth* v. *Standard Oil Co.*, 160 Ohio St. 1, 7; and *Dripps* v. *Industrial Commission*, 165 Ohio St. 407, 411. In addition, see the dissenting opinion by Taft, J., in *Davis* v. *Goodyear Tire & Rubber Co.*, 168 Ohio St. 482, 485, in which the writer concurred. The writer was also one of the concurring judges in *Malone* v. *Industrial Commission*, 140 Ohio St. 292 and *Maynard* v. *B. F. Goodrich Co.*, 144 Ohio St. 22.

"Consequently, it is the writer's opinion and conviction that, when in 1959 the General Assembly, recognizing that a majority of this court was persistently misinterpreting the definition of the term, 'injury,' as it had been defined in 1937 and thereafter, amended R. C. 4123.01, by defining 'injury' as including 'any injury, whether caused by external accidental means or accidental in character and result,' it did no more than to restate and emphasize what it had actually intended and said when it amended G. C. 1465-68, in 1937 and when it included similar language in original R. C. 4123.01, defining 'injury'."

Judge Zimmerman, joined by Judge Taft, was not successful in convincing the majority of the Supreme Court that his definition of "injury" should be applied to claims arising under the statute in effect prior to November 2, 1959. However, because of gross injustices that had resulted, the statute was amended effective November 2, 1959, upon the insistence of both management and labor so as to embody Judge Zimmerman's definition of "injury."

This claim is governed by R. C. 4123.01 (128 O. L. 743, Eff. Nov. 2, 1959), so that any injury received by a workman which was directly attributable and associated with the employment in which he was engaged at the time was compensable and embraced an injury accidental in character and result as well as one caused by accidental means.

"Injury."—in defining the terms used therein, the Workmen's Compensation Act provides that "injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. The breadth of this definition has rendered obsolete numerous cases decided when the statute defined "injury" as "any injury received in the course of, and arising out of, the injured employee's employment," in which the term was viewed as comprehending only such injuries as were accidental in their origin and cause, in the sense of being the result of a mishap or untoward event not expected or designed by the workman, the time and place of the occurrence of which might be fixed with reasonable definiteness and certainty, or such injury as amounted to a physical or traumatic damage or harm accidental in character and resulting from external and accidental means in the sense of being the result of a sudden mishap, occurring by change, unexpectedly and not in the usual course of events, at a particular time and place, although such decisions are, of course, of present authoritative value to the extent that they ruled that particular injuries, because the result of external accidental means, were compensable. 58 Ohio Jurisprudence 2d p. 165, Section 54.

"For workmen's compensation purposes, an accidental injury is an injury which is sudden, unexpected, and not according to the usual course of events in the employment, and which involves conditions and requirements by which the employee is subjected to a greater hazard than are the

members of the general public." 58 Ohio Jurisprudence 2d p. 172, Section 58.

Certainly a rupture received in the course of, and arising out of, the employee's employment is a physical damage which takes place without one's foresight or expectation—an unusual effect of a known cause—not expected—a happening or event which under the circumstances, is unusual and not expected to the person to whom it happens.

As a matter of law, where a workman sustains a rupture in the course of and arising out of his employment, although engaged in his usual occupation which is being carried on in the usual manner and without the intervention of an unexpected, unusual or fortuitous happening other than the occurrence of the injury, he is entitled to participate in the Workmen's Compensation Fund of Ohio.

The overwhelming weight of authority throughout the United States is to the effect that a hernia is a compensable injury within the meaning of Workmen's Compensation Acts, even though there is no unexpected, unusual or fortuitous happening other than the occurrence of the injury. *Travelers Ins. Co.* v. *Locke* (DC), 56 F. 2d 443; *Gulf State Creosoting Co.* v. *Walker*, 224 Ala. 104, 139 So. 261; *Maryland Casualty Co.* v. *Industrial Comm.*, 33 Ariz. 490, 266 P. 11; *Central Surety & Ins. Corp.* v. *Industrial Comm.*, 84 Colo. 481, 271 P. 617; *Puritan Bedspring Co.* v. *Wolfe*, 68 Ind. App. 330, 120 N. E. 417; *Durrett* v. *Unemployment Relief Comm.* (La. App.); *Bauman* v. *Roth-Downs Mfg. Co.*, 177 Minn. 98, 224 N. W. 459; *Drecksmith* v. *Universal Carloading & Distributing Co.*, No. App. , 18 S. W. 2d 86; *Wanone* v. *Hind Steel Wireworks*, 9 N. J. Misc. 501, 154 A. 409, affd. 109 N. J. L. 352, 162 A. 593; *Jordan* v. *Decorative Co.*, 230 N. Y. 522, 130 N. E. 634; *Smith* v. *Pittsburgh Coal Co.*, 71 Pa. Super. 325; *Johnson* v. *La Bolt Oil Co.*, 62 S. D. 391, 252 N. W. 869; *Zappala* v. *Industrial Ins. Comm.*, 82 Wash. 314, 144 P. 54, L. R. A. 1916a, 295; *Poc-*

*cardi* v. *Public Service Comm.*, 75 W. Va. 542, 84 S. E. 242.

"An accident may be said to arise out of and in the course of employment if the exertion producing the accident is too great for the man undertaking the work, even though the degree of exertion is usual and ordinary. *Rivard* v. *J. F. McElwain Co.*, 95 N. H. 100, 58 A. 2d 501."

The third contention by Republic as to why plaintiff is not entitled to a judgment herein is the following reason:

3. The causal connection between a rupture and the scope of employment may only be established by medical testimony.

It is not denied that the claimant was suffering from a bilateral inguinal hernia during the month of August, 1966, which was operated on in September, 1966. The hospital record and the medical records of the doctor were in evidence. A doctor was not called by the plaintiff to state an opinion as to the causal connection. However, the testimony by the plaintiff, his wife and his brother as to the objective signs—what they saw of the progress of the hernia combined with the testimony of the plaintiff (believed by the jury) as to the injury which brought about the onset of the hernia were sufficient to enable the jury to determine, as they did, that the rupture was sustained at the time and under the circumstances as testified to by the plaintiff.

The law does not require, under all circumstances, the expression of an opinion by a doctor as to the causal connection between an admitted rupture and an incident of employment. The testimony herein afforded, to an overwhelming degree, sufficient basis for the unanimous decision of the jury as to such issue, which had been submitted for their decision.

Therefore, it may also be stated as a proposition of law that the trier of the facts may determine from the testi-

mony of lay witnesses—without the expression of an opinion of a doctor—an issue as to the causal connection between the sustaining of an admitted bilateral inguinal hernia—a rupture—and an incident occurring in the course of and arising out of an employee's employment. It is obvious that the testimony herein more than satisfies all requirements to support a judgment in favor of the plaintiff.

The judgment entry in favor of the plaintiff to the court has, therefore, been signed and filed with the clerk.

*Judgment for plaintiff.*