This is a workmen's compensation case.
After a hearing ore tenus, the Circuit Court of Chambers County entered a judgment in favor of the employee and from that judgment the employer has taken this appeal. The employer has in brief raised several unrelated issues and this court will deal with those issues as presented in brief with reference to the facts as they relate to the specific issues.
At the outset, we note that the employee was injured in June of 1973. His complaint against the employer was filed in January of 1974. The case was tried in August of 1975 and the decree of the Circuit Court of Chambers County was rendered in July of 1976. The case was taken under submission by this court on January 20, 1977.
 I
The employer and employee in brief both agree that the maximum period for which the employee may receive compensation is 300 weeks. We, without comment, accept this agreed proposition as being applicable.
The learned trial judge awarded compensation for 23 weeks of temporary total disability; 137 weeks of permanent partial disability accruing to date of trial; and 155 weeks of permanent partial disability after trial. The employer argues that this totals 315 weeks of compensation and is therefore excessive.
We disagree. In 1971, the Legislature of Alabama amended Tit. 26, § 279 (C)1, Code of Alabama (1973 Cum.Supp.), to read as follows: *Page 19 
 "Where a permanent partial disability follows a period of temporary total disability resulting from the same injury, the first fifteen weeks of such temporary total disability shall not be deducted from the number of weeks payable for the permanent partial disability."
It therefore is clear that in this instance the first 15 weeks of temporary total disability must be deducted from the 23 weeks awarded for temporary total disability, and with such deduction the agreed upon maximum period of compensation, to wit, 300 weeks, is not exceeded.
 II
The employer next argues that the trial court erred to reversal in finding that the average weekly wage of the employee was $130 per week. The employer bottoms this argument on the fact that the employee's complaint alleged that his average weekly wage was $85 and no amendment was made to the complaint. The employer makes this argument in spite of the fact that the proof as revealed by the record is that the average weekly wage of the employee was $130 per week.
Rule 15 (b), ARCP, as applicable in this instance, reads as follows:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . ." [Emphasis supplied]
We note that no objection of any kind was made at trial. With Rule 15 (b), ARCP, in mind we find no error.
 III
The trial court, in this instance, made a detailed finding of fact. The trial court specifically found that the employee had suffered a 5% decrease in earning capacity and awarded compensation commensurate with this finding.
Able counsel for the employer contends there is no evidence to support such an award and, therefore, urges error by the trial court. We disagree.
The evidence as revealed by the record shows that in June 1973, the employee was working in the employer's mill; that as he was removing a roll of towels from a loom, he injured his back. The employee immediately notified his supervisor and saw the mill's resident nurse. The next day, the employee was seen by a physician. After consulting an orthopedic surgeon, it was determined that the employee had suffered a ruptured disk. An operation was performed in July of 1973. The surgeon testified that from the date of the operation until November of 1973, the employee was totally disabled.
The record further reveals that the employee is 49 years old and first began work in a mill when he was approximately 16 years old. He has always worked in the textile industry.
The employee, who was employed as a weaver in a textile mill at the time of trial, specifically testified that as a result of the injury, he can no longer perform heavy work, such as he was performing at the time of the injury. He further stated that he was not required to perform any lifting at his present job. Additionally, the doctor testified that the employee suffered a permanent disability to the body as a whole of 5%.
As the employer points out, compensation in this instance must be awarded on the basis of permanent partial loss of ability to earn. B.F. Goodrich Co. v. Martin, 47 Ala. App. 244,253 So.2d 37 (1971), cert. denied, 287 Ala. 726, 253 So.2d 45
(1971).
In a workmen's compensation case, this court's criterion for review is as follows:
 "Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence *Page 20 
or whether the finding of fact by the trial court is proper is not before us on review by certiorari. We must accept such finding if it is supported by any legal evidence. . . ." (B.F. Goodrich v. Martin, supra, 47 Ala. App. at 250, 253 So.2d at 43.)
With the above standard of review in mind, we cannot reverse. While the evidence presented on the loss of ability to earn is hardly a paragon of clarity, we find that the tenor of the evidence as set out above does support a finding of 5% loss of earning capacity. We find the language as stated by the Supreme Court of Alabama in Goodyear Tire Rubber Co. of Alabama v.Downey, 266 Ala. 344, 96 So.2d 278 (1957), to be appropriate:
 "Although all factors which possibly might have influenced the trial court in determining the employee's earning capacity were not brought out in the evidence, we are unable to say that no evidence or reasonable inference from evidence bearing on the question was presented. In this situation the finding and judgment will not be disturbed." (266 Ala. at 349, 96 So.2d at 283)
 IV
The employer next argues that the trial court committed reversible error in awarding a lump sum payment without commutation of the compensation due for the period of permanent partial disability.
As noted earlier, the injury occurred in June of 1973. The employee relies on Tit. 26, § 279 (C)9, Code of Alabama (1973 Cum.Supp.), for the authority to make an award of compensation in lump sum. This Code section was passed by the legislature in September of 1973. Therefore, this Code section is not applicable in this instance. The applicable law is that law in force and effect at the time of the injury. See Harris v.National Truck Service, 56 Ala. App. 350, 321 So.2d 690 (1975).
The applicable law at the time of the injury to the employee reads as follows:
 "By agreement of the parties and with approval of the court, the amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. No such commutation shall be approved by the court unless the court is satisfied that it is for the best interest of the employee or the employee's dependents, in case of death, to receive the compensation in a lump sum rather than in periodic payments. In making such commutations, the lump sum payment shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six percent basis." (Tit. 26, § 299, Code of Alabama (1973 Cum.Supp.))
Since there was no agreement for lump sum payment in the case now before us, we must reverse and remand as to this aspect.
We would further note for interested parties that in 1975, Tit. 26, § 279 (C)9, was amended and the law now, as prior to the 1973 amendment, requires agreement of the parties.
As seen from the above, this case has been pending for some time. It is hoped that the matter will be concluded as soon as possible.
 V
The employer next urges error in that proper notice was not given the employer as required by Tit. 26, § 294, Code of Alabama. The record clearly reveals that the employee, immediately after his injury, reported his injury to his supervisor. He then went to the company nurse. Clearly, this was adequate notice. Beatrice Foods Co. v. Clemons, 54 Ala. App. 150, 306 So.2d 18 (1975); Tripple M. Homes, Inc. v. Pickens,46 Ala. App. 643, 248 So.2d 139 (1971).
 VI
The employer lastly urges error in the trial court's finding that the employee suffered 23 weeks of temporary total disability. The entire argument of employee in this regard is as follows: *Page 21 
 "The plaintiff's testimony shows the injury to have occurred on June 4, 1973 . . . and his recovery to a state of permanent partial disability, November 5, 1973. . . . The actual number of days of his total disability would be 154 days or 22 weeks. This evidence was not controverted."
With the required standard of review in mind, as noted earlier, we find no error to reversal. Specifically, the employee testified he was totally disabled for approximately 6 months.
The case is affirmed in part; reversed in part; and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.