(123 So. 78)

## TAYLOR v. TENNESSEE COAL, IRON & R. CO. (6 Div. 288.)

Supreme Court of Alabama. June 20, 1929.

M. B. Grace, of Birmingham, for appellant.

Percy, Benners & Burr, of Birmingham, for appellee.

BROWN, J.    Compensation was denied by the trial court on two grounds: (1) That plaintiff's blindness did not result from an accident arising out of and in the course of his employment, but resulted from atrophy of the optic nerves. (2) That the evidence did not present a case of "physical or mental incapacity * * * to perform or cause to be performed" the act of filing a verified complaint under section 7578 of the Code, so as to bring it within the influence of the exception declared in section 7570 of the Code.

There was some legal evidence supporting both of these conclusions. The testimony of the medical witness goes to show that there was no rupture or abrasion of the eyeballs, nor fracture of the orbits or the skull resulting from the alleged injury, and in the absence of a rupture or abrasion of the eyeballs or a fracture of the orbits or skull, total blindness would not be produced. Such evidence further tends to show that the loss of sight in the case of the petitioner resulted from atrophy of the optic nerves caused from syphilitic germs in the blood.

There is also legal evidence going to show that the petitioner was not physically disabled from going about, with the aid of others, and that on one or more occasions before suit was filed, he sought and obtained legal advice within the period of one year from the alleged injury.

The rule of the decision here is, when there is any legal evidence or reasonable inferences from legal evidence supporting the finding of fact and conclusions of the trial court, the judgment will not be disturbed. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648.

The writ of certiorari must therefore be denied, and the judgment of the trial court affirmed.

Writ denied.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.