46 So.2d 404
**ALABAMA PIPE CO. v. WOFFORD et al.**
**7 Div. 40.**

Supreme Court of Alabama.
May 11, 1950.

Lusk, Swann & Burns, Gadsden, for appellant.

Hawkins & Copeland, Gadsden, for appellees.

612

SIMPSON, Justice.

Suit under the Workmen's Compensation Law, Code 1940, Tit. 26, § 253 et seq., by appellee for the death of her husband, as an employee of appellant company, allegedly caused by an accident arising out of and in the course of his employment.

The trial court found that the deceased's death was due to "an accident * * * which arose out of, from, and in the course of his employment * * * by then and there becoming overheated while engaged in the performance of his duties for defendant," resulting in a heart attack, which was brought on "by the condition of overheating, combined with the strenuous and fast labor performed by the deceased."

■ Compensation is not limited in such cases to those in perfect health, the test within the meaning of the Compensation Act being, was the accident a proximate contributing cause acting upon the particular individual to produce death, whether directly or through disease. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Gadsden Iron Works v. Beasley, 249 Ala. 115, 30 So.2d 10.

■ It is not controverted that death resulted while deceased was in the employ of defendant, the inquiry being whether or not the conditions of employment and the death resulting were such as to make it an accident arising out of employment within the meaning of the law. If the hazard of accident "was peculiar to the employment as a contributing cause" and

flowed from that as a rational consequence, it was within the protective scope of the statute. American Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540, 541.

■ The following statement of principle is regarded as settled law and governing in this jurisdiction in such cases: "* * * the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger, materially in excess of that to which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure. American Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540; Cudahy. Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532." Gulf States Steel Co. v. Christison, 228 Ala. 622, 628, 154 So. 565, 569; Gadsden Iron Works v. Beasley, supra.

■ As stated, the deceased's death did occur in the course of his employment and we think there is some support in the evidence that by reason of the conditions in the pipe plant, where he worked, he was exposed to a danger materially in excess of that to which people commonly in the locality were exposed. But the critical question is whether or not this excessive exposure was the direct cause of his death, even though operating on other conditions of common exposure. We are forced to the conclusion that there is a total lack of evidence to support this last essential for a recovery.

The proof showed: The deceased, of the age of fifty-three years and weighing about 190 pounds, who had never suffered any sickness before and who had never been attended by a doctor, was acting as one of the "shake-out men" in the pipe manufacturing plant, which work required considerable physical labor under conditions of overheating in the plant; that the

work being accomplished was that normally performed by the other employees, and, after a rest period of some forty-five minutes, on resumption of work, in about fifteen or twenty minutes without warning deceased collapsed and died almost instantly; the coroner, of six years' experience, who was also an undertaker of twenty-five years' experience, thought the defendant died of a heart attack. Boiled down, this was all the proof showed. There was no autopsy or medical testimony. Conceding for the present purpose and without deciding that the coroner was shown to be sufficiently qualified to testify as regards this pathological proposition, viz., that deceased died of a heart attack, there is no evidence to prove that the deceased's work under these circumstances produced the heart attack which resulted in his death. Or, otherwise stated, from aught appearing his death might have been due to natural causes, as was stated in the undertaker's certificate of death, apart from any conditions of hazard in his employment.

■ The burden rested on the claimant to prove by competent evidence that the death of her husband resulted from a compensable injury and only when it is shown that there is a causal connection between such injury and the conditions of hazard under which the work was required to be performed does liability attach. 58 Am. Jur. 718, § 211, 859, § 438.

■ The phrase "arising out of" employment denotes employment as the source and cause of accident and we have said in order to satisfy this requisite the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise. Pullman-Standard Car Mfg. Co. v. Lively, 239 Ala. 684, 196 So. 870; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666; Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225.

A case of considerable factual similarity to the one at bar is Monahan v. Seeds & Durham, 336 Pa. 67, 6 A.2d 889, ref. NACCA Law Journal, Workmen's Compensation, p. 80, n. 365, where the employee died of a cerebral hemorrhage and it was held that the conclusion that over-exertion produced death rested only on speculation. The court said:

"While the Board's findings of fact when supported by competent evidence are binding and cannot be disturbed, nevertheless the question whether or not there is evidence to support a particular finding is one of law and may be reviewed on appeal. Stahl v. Watson Coal Co., 268 Pa. 452, 112 A. 14. In the instant case it is apparent from a review of this medical testimony that the award cannot stand, since the claimant has failed to meet the burden of establishing a probable, direct relation between the alleged cause and the death. Of the five medical experts called, four testified unequivocally that it was impossible to definitely establish any relationship between the extra hours of work and the death. The one physician who attempted to establish such a connection succeeded only in showing that over-exertion could have brought about the death. To say, as the Board did, that death did result from the long hours is at most a pure guess, for the evidence conclusively shows that it was impossible under the circumstances to determine with any degree of certainty that the alleged over-exertion had any direct relation to the death.

"In cases of this nature, there is always grave danger of overlooking the fact that the Compensation Act is what it purports to be—an act to compensate for accidental injuries and not one to insure the life and health of the employe. To sustain a claim for compensation where even the best medical experts are unable to connect the death with the alleged cause would disregard the purpose of the Compensation Act and would render the employer an insurer. Since there is no evidence to support the Board's finding, the award can not be sustained." 336 Pa. 67, 6 A.2d 892.

The case in hand is to be differentiated from Gadsden Iron Works v. Beasley, supra, in that in that case there was proof to sustain the finding that not only the deceased suffered from heart trouble, which was known to the defendant, but there was expert testimony that the excessive exposure to which the deceased was subjected was the direct cause of the accident,

614

even though operating upon other conditions of common exposure.

In the instant case there is an entire absence of evidence that such conditions were the probable, direct cause of the deceased's death. Such a conclusion must rest in utter surmise and conjecture.

: ■ In line with the authorities generally, that the Workmen's Compensation Act should be construed liberally in favor of the employee to advance its benevolent objects, this court has been very liberal in its interpretation of facts to sustain an injury in such cases. Usually, as in this case, the facts present aspects of strong sympathetic appeal. But it must be steadily borne in mind that we can't guess a defendant into liability and without proof in the instant case that there was a causal relation or connection between the deceased's death and his hazard of employment, it would be only conjectural that his death resulted from an accident arising out of and in the course of his employment.

So considered, the judgment must be reversed.

Reversed and remanded.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.