96 So.2d 159

**SOUTHERN COTTON OIL COMPANY, Inc.**

v.

**Henry WYNN.**

**6 Div. 606.**

Supreme Court of Alabama.

April 25, 1957.

Rehearing Denied June 27, 1957.

Jas. S. Mead, Birmingham, for appellant.

Harry B. Cohen, Birmingham, for appellee.

GOODWYN, Justice.

This is a proceeding under the Workmen's Compensation Act (Code 1940, Tit. 26, § 253 et seq. as amended) brought in the circuit court of Jefferson County by Henry Wynn against The Southern Cotton Oil Company to recover benefits for a disability allegedly resulting from an accident which arose out of and in the course of his employment by said Company. The trial court granted compensation. The case is here for review on certiorari which we granted on the Company's petition.

The Company's insistencies here may be summarized as follows:

I. That the suit was not brought within the time allowed by the Workmen's Compensation Act, § 296, Tit. 26, Code 1940.

II. That an amendment to the complaint introduced a completely new cause of action which should not have been allowed over the Company's objection.

III. (a) That the trial court's finding that the employee's disability resulted from a cerebral hemorrhage brought about by the employee's physical exertion is not based on evidence.

(b) That "even if the physical exertion engaged in by the employee contributed to a condition which brought about the hemorrhage, it was not an accident and not compensable within the purview of the Workmen's Compensation Act because the employee was engaged in the ordinary and regular performance of his duties; there was no overexertion and no extra hazardous circumstance which contributed to the injury."

(c) That "if the ordinary and uneventful physical exertion of the employee in the performance of ordinary duties produced the hemorrhage, the employee was already totally and permanently disabled in that he suffered from a pre-existing in-

firmity and the disability claimed would not have resulted had the earlier infirmity not existed."

IV. That excessive compensation was awarded.

## I.

To the extent here applicable, § 296, Tit. 26, Code 1940, supra, provides as follows:

"In case of a personal injury all claims for compensation under articles 1 and 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under articles 1 and 2 of this chapter, or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 304 of this title. * * * In case of physical or mental incapacity, other than minority of the injured person or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases."

The trial court found that "the stroke left the person and mind of the plaintiff in a weak and impaired condition, and that he from the time of the stroke was physically and mentally incapacitated to perform or to cause to be performed the filing of a verified complaint for workmen's compensation within one year after the accident complained of, and that less than one year has elapsed from the date when such incapacity ceased."

■ The rule of review in cases of this kind has been stated many times to be as follows:

"On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evi-

dence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. * * *

"Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. * * *" Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12, 13, and cases there cited.

The foregoing principle applies in reviewing the trial court's finding of fact with respect to the employee's "physical or mental incapacity * * * to perform or cause to be performed" the act of filing a verified complaint (§ 304, Tit. 26) the same as other findings of fact. Taylor v. Tennessee Coal, Iron & R. Co., 219 Ala. 614, 615, 123 So. 78.

■ There is ample evidence to support the finding that the employee was physically and mentally incapacitated from filing a complaint within the one year provided by § 296, supra, so as to bring the time of filing within the influence of the exemption declared in said section.

## II.

■ Petitioner insists that error was committed in allowing plaintiff to amend his complaint by adding paragraphs 3a and 3b. The original complaint alleged that plaintiff had fallen from the coal pile and struck his head upon a concrete floor causing a brain concussion. The evidence at the hearing tended to show that plaintiff had never actually fallen from the pile, but had suffered a cerebral hemorrhage in the course of his employment and as a direct result of the performance of his duties. The amendment was made to meet this evidence. Petitioner insists that such amendment constituted a complete change of the

cause of action and should not have been allowed over defendant's objections.

We see little merit in this argument. As this court has often said, compliance with technical rules of pleading is not required in Workmen's Compensation proceedings. Consolidated Coal Co. v. Dill, 248 Ala. 5, 7, 26 So.2d 88; Humphrey v. Poss, 245 Ala. 11, 12–13, 15 So.2d 732. Moreover, it seems to us that the amendment, instead of stating a new cause of action, merely restates the accident set out in the original complaint in such a manner as to conform to the evidence introduced by the defendant. It is apparent from the answer to the original complaint that the defendant was aware of the true nature of plaintiff's injury, as the version of the accident set out in the defendant's answer was substantiated by the evidence and the trial court's findings of fact. The defendant in this type of case should not be heard to question an amendment which, in effect, affirms defendant's own version of the facts in the case. We find no error in allowing the amendment, which related back to the filing of the original complaint. See § 239, Tit. 7, Code 1940, allowing amendments while cause is in progress and providing that amendment "shall relate back to the commencement of the suit."

### III.

■■■ (a) Petitioner's next insistence is that there is no evidence to support the trial court's finding of a causal relation between plaintiff's employment and his injury.

It is clear that the plaintiff has the burden of reasonably satisfying the trial court by competent evidence that the injury was caused by an accident arising out of and in the course of his employment. Davis Lumber Co. v. Self, 263 Ala. 276, 279, 82 So.2d 291; Wooten v. Roden, 260 Ala. 606, 610, 71 So.2d 802; Alabama Pipe Co. v. Wofford, 253 Ala. 610, 613, 46 So.2d 404, 406. As this court has often said, in order to show that the injury was caused by an accident "arising out of" employment, the plaintiff must establish a logical causal connection between his work and the injury. This requirement has been expressed as follows in several of our cases:

"The phrase 'arising out of' employment denotes employment as the source and cause of accident and we have said in order to satisfy this requisite the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise. * * · * " Alabama Pipe Co. v. Wofford, supra; Wooten v. Roden, supra.

The trial court's findings on this point are as follows:

"We find that the immediate cause of the plaintiff's collapse and paralysis was the sudden giving way or rupture of a blood vessel in the left side of the plaintiff's head and proximately resulted in paralysis of his right side. We further find that the immediate cause of the breaking or rupture of the said vessel was the muscular strain and exertion employed by the plaintiff in the ordinary shoveling of the steam coal from the spout as aforesaid."

The question presented is whether there is any legal evidence to support this finding.

The evidence tended to show that the plaintiff had been shoveling coal for about three hours when he was stricken by a cerebral hemorrhage. The only expert witness, Dr. Magruder, who was called by the defendant, testified to the effect that a cerebral hemorrhage was the rupture of a blood vessel in the head, that such a rupture was the result of high blood pressure, that any exertion would tend to increase the blood pressure, and that the exertion of shoveling coal could have caused the cerebral hemorrhage suffered by the plaintiff.

Petitioner's argument is that the expert medical testimony went only so far as to show that the exertion *could* have caused the hemorrhage, and that the trial court's finding of a causal relation between the work and the injury was, therefore, a mere guess or conjecture and cannot be sustained.

It is true that testimony as to mere possibilities is generally insufficient to sustain an award under the Workmen's Compensation Law, and that the defendant cannot be guessed into liability. Alabama Pipe Co. v. Wofford, supra. It is equally clear, however, that all of the essential facts in a workman's compensation case, including the question of causal relation, can be proved by circumstantial evidence (Davis Lumber Co. v. Self, supra; Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 106, 139 So. 261), and if there is any reasonable view of the evidence that will support the conclusion reached by the trial court, its finding and judgment will not be disturbed here. Davis Lumber Co. v. Self, supra; DeBardeleben Coal Corp. v. Richards, 251 Ala. 324, 327, 37 So.2d 121.

In the Davis case we specifically held that positive medical testimony as to probable causal relation is not necessary to support a finding of a causal relation by the trial court when there is other evidence to support the court's conclusion. In the instant case, the circumstances of the plaintiff's injury, considered in conjunction with the medical testimony, support a fair inference that the injury was caused by the exertion of his work. Therefore, the finding of the trial court must be sustained.

(b) A further question raised concerns the trial court's conclusion that plaintiff's injury was caused by an accident arising out of his employment without also finding that he was subjected to unusual strain or overexertion in the performance of his work.

Petitioner contends that even though it appears that plaintiff's injury was proximately caused by the exertion of shoveling coal, the court could not conclude that the injury arose out of his employment unless the plaintiff was subjected to "overexertion, extraordinary strain or extrahazardous condition of employment which contributes to the injury received."

To support this contention petitioner relies on three Alabama cases dealing with injuries resulting from exposure. Pullman-Standard Car Mfg. Co. v. Lively, 239 Ala. 684, 196 So. 870 (heat exhaustion); Pow v. Southern Const. Co., 235 Ala. 580, 180 So. 288 (pneumonia resulting from exposure to cold and dampness); Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, 569 (heat exhaustion). The rule which can be drawn from these cases is that when an injury to an employee results from exposure the injury cannot be regarded as arising out of his employment unless he is subjected to unusual risk and excessive exposure because of the nature of his work. The rule is thus stated in Gulf States Steel Co. v. Christison, supra,

"In connection with the sort of accident here involved, the principle to which most authorities give assent is that the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger, materially in excess of that to which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure. * * *"

It seems clear that this court has limited application of the foregoing rule to injuries resulting from exposure. See Massey v. United States Steel Corp., 264 Ala. 227, 232, 86 So.2d 375. In several recent cases it was held that where the proximate cause of the plaintiff's injury was the strain or exertion of his work (as distinguished from expo-

sure), a finding by the trial court that the plaintiff had been subjected to unusual strain or overexertion was not necessary to support a conclusion that the injury was caused by an accident arising out of his employment. Alabama Textile Products Corporation v. Grantham, 263 Ala. 179, 184, 82 So.2d 204, 208; Davis Lumber Co. v. Self, supra. The pertinent portion of the opinion in the Grantham case is as follows:

"The question is presented as to whether the evidence is sufficient to support a finding that such injury was caused 'by an accident' within the meaning of our workmen's compensation law.

"The defendant is a manufacturer of shirts and other wearing apparel. At the time of the alleged injury complainant, Mrs. Grantham, was employed by defendant to sew together the backs and fronts of shirts on an electric sewing machine. She had been so employed for nearly twenty-three years. It was plaintiff's duty to secure the fabric from a bin, the sides of which were almost as high as her waist. On July 17, 1953, according to the plaintiff, she leaned over the sides of the bin to lift a bundle of fabric weighing about ten pounds and as she was in the act of lifting it she felt sensations as if she had a 'catch in her back' or as if needles had been stuck in her back. She become weak and nauseated, but after a few minutes rest she resumed her duties. That was her last day of work.

"There was no finding by the trial court that the injury was caused by a blow, slip, fall or that it resulted from any unusual strain or exertion. But such findings are not necessary to support the conclusion that an injury of the kind which this plaintiff sustained was caused 'by an accident' within the meaning of our workmen's compensation law when suffered in the manner outlined above. Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 139 So. 261; De Arman v. Ingalls Iron Works

Co., 258 Ala. 205, 61 So.2d 764; Purity Biscuit Co. v. Industrial Commission, 115 Utah 1, 201 P.2d 961; Rivero v. Leaveau, La.App., 45 So.2d 418; Mills v. Monte Christi Corp., 10 N.J.Super. 162, 76 A.2d 839; Neylon v. Ford Motor Co., 10 N.J. 325, 91 A.2d 569; Gray v. Employers Mut. Liability Ins. Co., Fla., 64 So.2d 650; Vitale v. Haeser, Fla., 64 So.2d 657; Falk v. Balch, Fla., 64 So.2d 658; Glass v. G. A. Miller Co., Fla., 65 So.2d 749; Larson's Workmen's Compensation Law, Vol. I, p. 519, § 38.20."

(c) The next insistence is that the trial court erred in awarding benefits for total and permanent disability. The argument is that plaintiff "was already totally and permanently disabled in that he suffered from a pre-existing infirmity and the disability claimed would not have resulted had the earlier infirmity not existed."

It is now well settled that compensation is not limited to those in perfect health. The test is, was the accident a proximate contributing cause acting upon the particular individual to produce disability or death, whether directly or through disease? Massey v. United States Steel Corporation, 264 Ala. 227, 230, 86 So.2d 375, supra; Gadsden Iron Works v. Beasley, 249 Ala. 115, 119, 30 So.2d 10; New River Coal Co. v. Files, 215 Ala. 64, 65, 109 So. 360. See Irby v. Republic Creosoting Co., 5 Cir., 228 F.2d 195, 198. The rule is thus stated in Larson's Workmen's Compensation Law, Vol. 1, § 12.20, p. 170:

"Pre-existing disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought."

Petitioner does not question this principle, but argues that it cannot be held liable for permanent and total disability because plaintiff's high blood pressure contributed to some

extent to the degree and duration of his disability. In support of this petitioner refers to the following provision in the Workmen's Compensation Law, § 288, Tit. 26 .Code 1940, viz.:

"If the degree or duration of disability resulting from an accident is increased or prolonged because of a pre-existing injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."

To dispose of this insistence we need only to observe, assuming (without deciding) the pertinency of § 288 (see Ingalls Shipbuilding Corporation v. Cahela, 251 Ala. 163, 173, 36 So.2d 513, which both parties rely on), the defendant offered no proof which would have enabled the court to make a finding under § 288.

## IV.

 The trial court made a finding that plaintiff's average weekly earnings for a period of 52 weeks immediately preceding the accident were $40.78. It was further found that plaintiff "would be entitled to compensation in the sum of $21.00 per week, and that he had a dependent wife, who is entitled to $2.00 per week, making a total of $23.00 per week compensation for a period of four hundred (400) weeks to which this plaintiff is entitled." It was further found that $8,400 was the maximum to be paid to plaintiff under the law then applicable (Act No. 36, approved June 2, 1949, Acts 1949, pp. 47–51, amending § 279, Tit. 26 Code 1940). It is provided in the judgment that said sum of $8,400 "includes $2.00 weekly for the plaintiff's wife, and that in the event of the death of the plaintiff's wife or in the event she should no longer become dependent within the meaning of said compensation laws of Alabama, that the aforestated sum of $23.00 per week be credited with the sum of $2.00."

Petitioner insists that the court erred in providing for weekly payments of $23 instead of a maximum of $21. There is no

disagreement with respect to the total authorized allowance being $8,400.

Subsection (E) 3 of § 279, Tit. 26, Code, supra, as amended by Act No. 36, supra, provided as follows:

"3. Other permanent total disabilities.

"For permanent total disability other than as defined in subsection (E) fifty-five percent of the average weekly earnings received at the time of injury subject to a maximum compensation of twenty-one dollars per week, and a minimum compensation of five dollars per week; but if at the time of the injury the employee was receiving earnings of less than five dollars per week, then he shall receive the full amount of his earnings per week. This compensation shall be paid during the period of such permanent disability not exceeding four hundred weeks; payments to be made at the intervals when the earnings were payable as nearly as may be. Such payments with the consent of the circuit judge, may be made monthly or quarterly."

Subsection (H) of said § 279, as amended by Act No. 36, supra, provided as follows:.

"(H) Percentage Increase for Wife and Children.

"Wherever in this section there is a provision for fifty-five percent, such percent shall be increased five percent for a dependent wife and five percent for each dependent child of the employee under the age of eighteen years at the time of the injury to the employee until such percent shall reach a maximum of sixty-five percent. The increase in the above percent shall be paid only during the dependency of the dependent upon whom such increase is based."

It seems to us that subsec. (H) clearly provides for an increase in the authorized percentage and does not affect the authorized maximum compensation of $21 per week. That subsection provides that the

injured employee may be awarded up to 65% of his average earnings if he has dependents, but the award remains subject to the maximum compensation of $21 a week set out in subsec. (E) 3. Section 289 of Tit. 26, Code 1940, as amended by Act No. 36, supra, supports this conclusion. It is there provided:

> "Section 289. Limitations on Compensation.—In no case hereunder, except as otherwise provided herein, shall the compensation paid hereunder be more than twenty-one dollars per week, nor less than five dollars per week, and in no case shall the total amount exceed $8400.00."

See Goodyear Tire. & Rubber Co. of Alabama v. Downey, post, p. 344, 96 So.2d 278.

It is apparent that the trial court's judgment is incorrect in fixing the weekly payments at $23. However, it appears that plaintiff is entitled to weekly payments of $21 for a period of 400 weeks or a maximum of $8,400. The judgment will be here modified in that respect.

Judgment modified and, as modified, affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.