HOLMES, Judge.
This workmen’s compensation case comes before this court on remand from the Alabama Supreme Court.
The supreme court has reversed this court’s conclusion that evidence in the record supports the trial court’s determination that Carter Realty Company (Carter) was not the employee’s employer for purposes of workmen’s compensation.
The case has been remanded in part to this court for our determination of whether the record supports the trial court’s alternative ruling that the employee’s workmen’s compensation claim was barred by the then one-year statute of limitations of Ala. Code (1975), § 25-5-80.[1]
Under § 25-5-80 the employee had one year from the date of her accident to file suit for workmen’s compensation benefits. It is undisputed in this case that the employee’s accident occurred on August 20, 1979, and that she did not file her complaint until November 26, 1980.
*124 The employee contends, however, that her suit is not barred by the statute of limitations for two reasons — her physical incapacity until at least November 27,1979, and the fraudulent misrepresentations of the employer which caused her to postpone filing suit.
In reviewing each of these contentions, we point out, as we did when the case was initially before this court, that our review is by way of certiorari. Ala. Code (1975), § 25-5-81(d). Such review, under our understanding of the law, is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. We will affirm if there is any legal evidence to support those findings. American Automobile Insurance Co. v. Hinote, 498 So.2d 848 (Ala.Civ.App. 1986); Lowe v. Walters, 491 So.2d 962 (Ala. Civ.App.1986).
Applying this standard of review, we conclude that there is evidence which supports the trial court’s conclusion that the employee’s suit is barred by the statute of limitations.
The employee contends that she was totally disabled and physically incapacitated until at least November 27, 1979. She contends that under the wording of § 25-5-80 the statute of limitations was tolled until her incapacity ceased and that her suit was, therefore, timely filed.
Section 25-5-80 provides an exemption to its one-year limitations period in the case of physical or mental incapacity. See Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159 (1957). The statute specifically provides, “In case of physical or mental incapacity, ... to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases.” (Emphasis supplied.)
We interpret this language to provide for an exemption to the statute of limitations in the case of physical or mental incapacity only when such incapacity prevents the employee from taking action to obtain workmen’s compensation benefits “within the time in this section specified.” In other words, such incapacity must exist for such a length of time as will prevent the employee from filing suit to obtain benefits within the one-year limitations period of § 25-5-80. See Federal Mogul Corp. v. Campbell, 494 So.2d 443 (Ala.Civ.App. 1986). See also Taylor v. Tennessee Coal, Iron & Railroad Co., 219 Ala. 614, 123 So. 78 (1929).
The record shows that the employee returned to her job as resident manager of the apartment complex in January 1980, approximately four and one-half months after the accident, and that she continued in that position until June 1980. The employee testified that she was unable to perform all of her former duties and that she continued to require assistance with her bandages and with certain “daily functions.” The evidence, however, does not indicate that the employee’s incapacity continued to such an extent or for such a period of time as to prevent her filing suit within one year following the accident. Moreover, there was also testimony, although somewhat vague, that the employee may have sought the advice of legal counsel prior to the running of thé statute of limitations.
In our opinion, there is evidence in the record which supports a conclusion by the trial court that the employee was not entitled to an exemption from the running of the statute of limitations based upon physical incapacity. Taylor, 219 Ala. 614, 123 So. 78; Federal Mogul Corp., 494 So.2d 443.
We now address the employee’s claim that the statute of limitations does not bar her suit because of the employer’s fraudulent misrepresentations which caused her to postpone filing suit.
The statute of limitations may be tolled where the actions or representations by the employer, even though they are nonfraudulent or unintentional, mislead the employee and delay the filing of his or her workmen's compensation claim. Ex parte Youngblood, 413 So.2d 1146 (Ala.1981). See also Dorsey v. United States Pipe & *125 Foundry Co., 353 So.2d 800 (Ala.1977); Langham Small Motors v. Thomas, 390 So.2d 1055 (Ala.Civ.App.), cert, denied, 390 So.2d 1058 (Ala.1980).
The only evidence that the employee points to as showing misrepresentation is testimony that the employer or its agent or representative assured the employee that she could have her old job when she recovered and that the employer would take care of her medical expenses. In our opinion, such evidence does not support the employee’s contention that the statute of limitations should be tolled based upon fraudulent misrepresentation.
It is well established that the payment of medical expenses does not toll the statute of limitations. Blackmon v. R.L. Zeigler Co., 390 So.2d 628 (Ala.Civ.App.), cert, denied, 390 So.2d 635 (Ala.1980). Thus, we do not think that the employer’s assurances that it would pay the employee’s medical expenses would constitute a misrepresentation that it recognized its liability for workmen’s compensation which the employee could justifiably rely upon in postponing her claim for benefits.
The evidence does show that the employer allowed the employee to return to her job as resident manager and that she held that position until the apartments changed ownership, although she was apparently unable to perform all of her former duties. The evidence, however, does not show that the employer intended the wages it paid the employee after her return to work to constitute the payment of workmen’s compensation or that it thus recognized her claim for benefits. See B.F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647 (1967); Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389 (1963).
We find that the record does support a determination by the trial court that the statute of limitations had not been tolled due to any misrepresentation by the employer.
In view of the above, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.

. Effective February 1, 1985, § 25-5-80 was amended to extend the statute of limitations to two years. The employee’s suit was filed prior to this date.