CRAWLEY, Judge.
In November 1990, Dolly Gunter (the “wife”) sued Borden, Inc., d/b/a Meadow Gold (the “company”), alleging that Ernest E. Gunter (the “worker”), her husband, had suffered a fatal heart attack in February 1990 that was proximately caused by his employment. She requested dependent spouse benefits. Following ore tenus proceedings, the trial court found that the heart attack was not caused by the worker’s employment and denied the wife dependent benefits. The wife appeals, arguing that the trial court erred in not finding that the heart attack was caused by the worker’s employment.
The old standard of review in a workmen’s compensation case before the passage of the Workers’ Compensation Act, which became effective May 19, 1992, is a two-step process. Initially, the reviewing court would look to see if any legal evidence supports the trial court’s findings. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991). If such evidence was found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment. Id. Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome. Ex parte Veazey, 637 So.2d 1348 (Ala.1993). This standard of review applies only to the trial court’s findings of fact and not to its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
The wife argues that the trial court applied the wrong test in determining whether the worker’s heart attack was caused by his employment. This court has recently held that the old Act, which governs this ease, does not require “that a claimant prove that there was an exposure to a danger or risk materially in excess of that which other people not so employed were exposed” in order to prove legal causation. Trinity Industries, Inc. v. Cunningham, 680 So.2d 253, 258 (Ala.Civ.App.1995). This holding in Trinity overruled two heart attack cases under the old Act, which had required a showing of excessive exposure in order to prove legal causation. Newman Brothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977), cert. den., 354 So.2d 1142 (Ala.1978); City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975). Presiding Judge Robertson stated that the “excessive exposure” test for legal causation is required only *278 for cases involving exposure (such as pneumonia and heat exhaustion) rather than an accident. Trinity, supra. He based his holding on Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 169 (1957). In Wynn, the Supreme Court held that “when an injury to [a worker] results from exposure the injury cannot be regarded as arising out of his employment unless he is subjected to unusual risk and excessive exposure because of the nature of his work.” Id. at 332, 96 So.2d 159 (emphasis added). The Supreme Court further held that the “excessive exposure” test is applied only to cases involving injuries from exposure, not injuries from accidents. Id. Therefore, the “excessive exposure” test is not applied to cases involving injuries from accidents, such as a heart attack. See Trinity, supra. Presiding Judge Robertson concluded that the proper test for legal causation for an accident case is whether the “accident arose out of and in the course of employment.” Id. at 258.
In its order, the trial court stated, “Legal causation is established by showing that the [worker] was exposed to a danger or risk materially in excess of that to which people not so employed are exposed.” We agree with the wife that the trial court applied the wrong test for legal causation. Therefore, we reverse the judgment of the trial court and remand the cause for the trial court to apply the test set out in Trinity — whether the “accident arose out of and in the course of employment” — and to enter a judgment based on its application of that test.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.