CRAWLEY, Judge.
This is the second time this case has been before this court. See Gunter v. Borden, Inc., 680 So.2d 276 (Ala.Civ.App.1996). In November 1990, Dolly Gunter (the “wife”) sued Borden, Inc., d/b/a Meadow Gold (the “company”), alleging that Ernest E. Gunter (the “worker”), her husband, had suffered a fatal heart attack in February 1990[1] that was proximately caused by his employment. She requested dependent-spouse benefits. The trial court found that the heart attack was not caused by the worker’s employment and denied the wife dependent benefits.
The wife appealed to this court, and we reversed the judgment of the trial court and remanded the cause to the trial court, instructing it to apply this court’s opinion in Trinity Industries, Inc. v. Cunningham, 680 So.2d 253 (Ala.Civ.App.1995). Id. Before the trial court entered an order on remand, our *29 supreme court released its opinion in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), and held that in Trinity this court applied the incorrect test but reached the correct result. On remand, the trial court applied the supreme court’s holding in Ex parte Trinity and held that the wife was not entitled to recover dependent-spouse benefits.
The wife again appeals. She argues that the trial court erred in applying Ex parte Trinity. The standard of review in a workmen’s compensation ease is a two-step process. Initially, the reviewing court will look to see if any legal evidence supports the trial court’s findings. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment. Id. Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome. Ex parte Veazey, 637 So.2d 1348 (Ala.1993). This standard of review applies only to the trial court’s findings of fact and not to its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
The supreme court held that the test for legal causation is:
“[T]o establish ‘legal causation,’ one seeking redress under the [Workmen’s] Compensation Act for ‘nonaccidental’ injuries need only establish that the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives.”
Ex parte Trinity, 680 So.2d at 267. The supreme court further held that the test for medical causation is:
“[T]he exposure to risk ... “was in fact [a] contributing cause of the injury’.... [City of Tuscaloosa v.] Howard, [55 Ala. App. 701, 705] 318 So.2d [729,] 732.”
Id. at 269.
The worker oversaw and supervised the loading of trucks with dairy products and other merchandise. He usually worked at an outside loading dock and performed only light labor. He would also enter a refrigerated storeroom for the dairy products, where the temperature was maintained at 39 degrees. He generally did not remain in the refrigerated storeroom for long periods. Several witnesses described the worker’s duties as not strenuous. Two medical experts testified that exposure to cold and physical exertion could be factors contributing to a heart attack, but that other non-work-related factors could have caused the heart attack.
We conclude that the trial court correctly applied the causation test of Ex parte Trinity and that there is evidence supporting the trial court’s findings that the wife did not prove either legal or medical causation. The wife argues that the trial court ignored the medical testimony; however, the trial court is not bound by the expert testimony and is free to make its own observations and conclusions. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988).
Therefore, we affirm the judgment of the trial court.
AFFIRMED.
YATES, J., concurs.
MONROE, J., concurs specially.
ROBERTSON, P.J., concurs in the result.

. This case is governed by the Workmen’s Compensation Act, before the amendments effective May 19, 1992.