Susan Stults sued her employer, Tee Jays Manufacturing Company, Inc., seeking to recover workers' compensation benefits that she claimed she was owed for an alleged on-the-job injury. After an ore tenus proceeding, the trial court entered a judgment in favor of Stults, finding that she had suffered an on-the-job back injury as a result of cumulative physical stress. The court determined that Stults had suffered a 50% loss of earning capacity as a result of her injury and awarded benefits accordingly. Tee Jays appealed.
The standard of review this court must apply in cases under the Workers' Compensation Act is derived from § 25-5-81(e)(1), Ala. Code 1975, which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." Furthermore, the Act provides that "in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2). The Alabama Supreme Court has defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989); Ex parte Trinity Industries, Inc.,680 So.2d 262, 268 (Ala. 1996).
Stults testified that in October 1993, while working as a sewing machine operator for Tee Jays, she hurt her back lifting a bundle of 24 or 36 shirts. Stults said she continued to work, thinking that the pain would go away. On November 8, 1993, she reported an injury to her lower back. At that time, she was not diagnosed with any type of neck or shoulder problem. Her doctor sent her to physical therapy; however she was able to continue working. Once she had completed physical therapy, Stults told her company nurse that although her hip and back were better, the more she worked in therapy, the more her shoulder hurt.
Stults worked until November 1994, with no further reports of pain or injury. One day that month, however, she reported to her supervisors that she had to leave for the day because, she said, her shoulder was "killing" her. After that incident, Stults continued to work until November 1996, when she stopped working because, she said, she could no longer stand the pain.
Stults now suffers from chronic neck, shoulder, and back pain. In deposition testimony that was admitted at trial, Dr. Edward Crockett testified that Stults has degenerative disc disease. He said that although Stults had mentioned to him that she may have hurt her back or neck lifting shirt bundles a few years earlier, and that trauma may be a cause of degenerative diseases, he was not aware of any injury that would have triggered her condition. He said he did not know whether Stults's complaint of an earlier injury was a factor in her disease. Dr. Crockett said that doctors do not know for certain what causes degenerative disorders, but that probably genetic predispositions or family predispositions are involved. When asked whether he could state to a reasonable medical certainty what caused Stults's degenerative disc disease, Dr. Crockett replied, "No, I sure cannot."
Tee Jays contends that the trial court erred in awarding benefits to Stults because, it says, Stults failed to prove by clear and convincing evidence that her physical impairment was caused by her work at Tee Jays. When an injury results from gradual deterioration or cumulative physical stress, as in this case, it is compensable only if it is shown, by clear and convincing evidence, that the injury arose out of and in the course of the employee's employment. § 25-5-81 (c), Ala. Code 1975.
The Workers' Compensation Act defines "clear and convincing evidence" us follows:
 "[E]vidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the *Page 686 
evidence, but less than beyond a reasonable doubt."
§ 25-5-81 (c), Ala. Code 1976.
"To establish causation in a workers' compensation case where the injury is nonaccidental, meaning that the injury was not caused by a sudden and unexpected external event, a claimant must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation." Ex parte Trinity, supra, at 269.
To establish legal causation, a plaintiff must show that during the employment he or she was "exposed to `danger or risk materially in excess' of that danger to which all persons are ordinarily exposed in their everyday lives." Id. at 266 (quotingCity of Tuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729,732 (Ala.Civ.App. 1975)). The court explained the claimant's burden of establishing medical causation:
 "[A] claimant . . . must produce substantial evidence tending to show that the exposure to risk or danger proven in step one of the Howard test `was in fact [a] contributing cause of the injury' for which benefits are sought. Howard, 318 So.2d at 732. `Whether the claimant has satisfied this test . . . must be determined on a case-by-case basis.' Ex parte Price, 555 So.2d 1060, 1062 (Ala. 1989). . . . In determining whether substantial evidence was produced at trial as to medical causation, we must look to see whether `evidence [was produced at trial] of such weight and quality' that fair-minded persons in the exercise of impartial judgment [could] reasonably infer that the risk or danger proven to have existed `was in fact [a] contributing cause of the injury.'"
Ex parte Trinity, supra, at 269.
Stults's doctor testified that he was not aware of any injury that would have caused her degeneratiive disc disease. Furthermore, he said he could not say with reasonable medical certainty what did cause Stults's condition. That a possible injury that occurred two years earlier might be a factor contributing to the disease simply is insufficient to show that Stults's employment was in fact a contributing cause of her disease. See, Gunter v. Borden, Inc., 695 So.2d 28
(Ala.Civ.App. 1996).
The evidence shows that Stults is indeed in poor physical condition. The learned trial judge entered a compassionate and thoughtful judgment that, under a lesser burden of proof, would more than likely be sustainable. However, as the Supreme Court explained in Ex parte Trinity, the claimant in a case involving cumulative physical stress must show by clear and convincing evidence that her employment was "in fact a contributing cause of the injury." Ex parte Trinity, supra, at 269.
After reviewing the record, this court cannot say that Stults presented clear and convincing evidence that her employment did in fact cause or contribute to her injury. Because the evidence is insufficient to support a finding that Stults's employment in fact caused or contributed to her injury, the judgment is reversed and the cause is remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY and THOMPSON, JJ., concur.
ROBERTSON, P.J., and YATES, J., dissent.